## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

RICKY LEE PARSONS,

    Plaintiff,

v.                              Case No. 2:21-cv-00153

STATE OF WEST VIRGINIA DIVISION OF CORRECTIONS,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court for initial screening is Plaintiff's Complaint (ECF No. 1).

### I.    STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, liberal construction does not mean that the court can ignore a clear failure to allege facts setting forth a cognizable claim for relief. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id*. "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the defendant has not been served with process and should not be required to appear or defend this matter.

## II.    *ALLEGATIONS IN COMPLAINT*

The instant complaint alleges that, on September 2, 2020, while he was incarcerated at the South Central Regional Jail ("SCRJ") in Charleston, West Virginia on a parole violation, Plaintiff's father passed away at Camden Clark Hospital in Parkersburg, West Virginia. (ECF No. 1 at 4). Plaintiff sought a furlough to be able to attend his father's funeral on September 4, 2020. (*Id.* at 7). However, the complaint further alleges that, despite asking for assistance from SCRJ staff, along with inquiries made by his court-appointed counsel in his criminal case, Plaintiff was not given the

required paperwork to apply for the furlough and was unable to attend the funeral. (*Id.* at 7 and Attach. 1, Exs. 1 and 2).

Although not set forth in the complaint form itself, a grievance filed by Plaintiff five months after these incidents suggests that Plaintiff is asserting that the failure to allow him to complete the paperwork and grant him a furlough to attend his father's funeral violated his Fourth and Fourteenth Amendment rights. (ECF No. 1, Attach. 1 at 6, Ex. 2). It is clear from the face of the grievance that it was rejected at the Commissioner's level for being untimely and containing excessive pages. (ECF No. 1, Attach. 1 at 1, Ex. 1). Plaintiff seeks monetary compensation for his grief. (ECF No. 1 at 5).

### III.   ANALYSIS

There are several reasons that the plaintiff's complaint should be dismissed, each of which will be addressed herein.

*A.   Plaintiff's complaint fails to state a plausible claim for relief.*

Plaintiff's federal constitutional claims are actionable, if at all, through section 1983 of Title 42 of the United States Code, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege

the violation of <u>a right secured by the Constitution and laws of the United States</u> and must show that the alleged deprivation was committed by <u>a person acting under color of state law</u>." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

To the extent that Plaintiff has named the West Virginia Division of Corrections (properly identified as the West Virginia Division of Corrections and Rehabilitation ("WVDCR")) as the sole Defendant, it is not a suable entity against whom relief can be granted under § 1983. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

Moreover, Plaintiff's complaint fails to state any plausible claim for relief against Defendant. To the extent that Plaintiff's Fourteenth Amendment claims are grounded in an alleged denial of due process, numerous courts have recognized that there is no protected liberty interest, and thus no constitutional right, to leave prison for a family member's funeral. See, e.*g., Rathers v. Raney*, 238 F.3d 423, 2000 WL 1871702, at *2

(6th Cir. Dec. 13, 2000) ("An inmate has no liberty interest in attending a family member's wake or funeral...."); *Merritt v. Broglin*, 891 F.2d 169, 174–75 (7th Cir. 1989); *Franklin v. Cahow*, No. 7:19-cv-00561, 2019 WL 6898674, *2 (W.D. Va. Dec. 18, 2019) (collecting similar cases).  Moreover, to the extent that West Virginia state law contains provisions that might have enabled a funeral furlough, a violations of state law by state officials does not provide a basis for constitutional claims under § 1983.  *Weller*, 901 F.2d at 392.

Additionally, to the extent that Plaintiff's conclusory allegations that his Fourteenth Amendment rights were violated could also be liberally construed to be asserting an equal protection claim pursuant to that amendment, Plaintiff has wholly failed to allege any facts that would support such a claim.  He does not compare himself to any similarly situated prisoners.

Finally, in the attachments to his complaint, Plaintiff asserts that the failure to grant him a furlough also violated his Fourth Amendment rights on the basis that he was allegedly "illegally seized."  (ECF No. 1, Attach. 1 at 6, Ex. 2).  However, in the same document, Plaintiff acknowledges that he was lawfully in the State's custody, but simply asserts that the failure to grant him release on furlough to attend the funeral violated his constitutional rights.  As stated above, however, there is no constitutional basis requiring such release and, thus, no plausible violation of the Fourth Amendment.

  B. *Plaintiff failed to exhaust the available administrative remedies.*

Additionally, it is evident from the face of the complaint documents that Plaintiff failed to properly exhaust the available administrative remedies before filing his complaint, because his grievance was rejected by the Commissioner as being untimely and for submitting excessive pages.  "Not only must a prisoner exhaust his administrative remedies, but he must also do so properly." *Wells v. Parkersburg Work Release Ctr. et*

6

*al.*, No. 2:15-cv-04103, 2016 WL 696680, at *3 (S.D. W. Va. Jan. 19, 2016). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)). The WVDCR has instituted uniform procedures for filing an inmate grievance, which are found in Policy Directive 335.00. If an inmate fails to fully comply with the provisions of those rules, the inmate "shall not be considered to have taken full advantage of administrative remedies afforded him/her and therefore has not exhausted administrative remedies." *Miller v. Rubenstein*, No. 2:16-cv-05637, 2018 WL 736044, at *5 (S.D.W. Va. Feb. 6, 2018). Compliance includes proper and timely submission of the grievance at all levels of review.

Therefore, Plaintiff's complaint would also be subject to dismissal under 42 U.S.C. § 1997e(a) and W. Va. Code § 25-1A-2 (inmate suits about prison conditions may proceed only if "administrative remedies as are available are exhausted."); *see also Custis v. Davis,* 851 F.3d 358, 361 (4th Cir. 2017) (permitting *sua sponte* dismissal in the rare circumstance where the alleged facts in the complaint, taken as true, demonstrate that the plaintiff failed to exhaust his administrative remedies before filing his complaint).

IV.   RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a claim upon which relief can be granted and, further, that Plaintiff failed to exhaust the available administrative remedies before filing his complaint. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's complaint (ECF No. 2) and this civil action,

pursuant to the provisions of 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(a), and W. Va. Code § 25-1A-2.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

March 18, 2022

Dwane L. Tinsley
United States Magistrate Judge